IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SHARON M. EDWARDS                                                           PLAINTIFF

v.                              CASE NO. 4:25-CV-00045-BSM

BAPTIST HEALTH, *et al.*                                                  DEFENDANTS

## ORDER

Defendants' motion for partial dismissal [Doc. No. 5] is granted on Sharon Edwards's Title VII, 42 U.S.C. section 2000e *et seq.*; 42 U.S.C. section 1988; Arkansas Civil Rights Act, Arkansas Code section 16-123-101 *et seq.*; and wrongful termination claims.

### I. BACKGROUND

Edwards is a black woman who is suing her former employer, Baptist Health, and two of her former supervisors, Kelley Hamby and Debra Langley, for race discrimination and wrongful termination. *See* Compl. ¶¶ 3–6, 32, 36–37, Doc. No. 2. She alleges that: (1) she was not allowed to leave work early to attend school; (2) she did not receive on-call pay; (3) she was required to return to in-person work with a set schedule; (4) she was not provided with an assistant; and (5) she was not allowed access to a database. *See id.* ¶¶ 6–33. Edwards identifies other non-black employees who were treated more favorably. *See id.* ¶¶ 8, 13, 22–27, 38–41. Edwards is suing under Title VII, section 1981, section 1988, the Arkansas Civil Rights Act (ACRA), and common law. *See id.* ¶ 1. Defendants move for partial dismissal of Edwards's Title VII, section 1988, ACRA, and wrongful termination claims. Doc. No. 5.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts that state a plausible claim of relief to which the plaintiff may be entitled. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *See id.* In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record, may all be considered. *See Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

## III. DISCUSSION

Defendants' motion for partial dismissal is granted on Edwards's Title VII, section 1988, ACRA, and wrongful termination claims.

A.   Title VII

Edwards's Title VII claims are dismissed because they are time-barred. This is true because these claims were not included in a timely filed charge of discrimination. *See* Defs.' Br. Supp. Mot. Partial Dismissal 2–5, Doc. No. 6 (explaining why); Br. Supp. Resp. Defs.' Partial Mot. Dismiss 10–11, Doc. No. 11 (stating that "Edwards concedes that most of her claims are time-barred under the 180-day statute of limitations set by Title VII" and only opposing dismissal "as it relates to the race discrimination under 42 U.S.C. § 1981"). Moreover, Edwards's claims against Hamby and Langley are dismissed because "supervisors

and other employees cannot be held liable under Title VII in their individual capacities." *Lenhardt v. Basic Inst. of Tech., Inc.*, 55 F.3d 377, 381 (8th Cir. 1995).

    B.    <u>Section 1988</u>

Edwards's section 1988 claims are dismissed because section 1988 does not provide for an independent cause of action. *See Barnes v. Simmon*, No. 4:14-CV-1989 RLW, 2015 WL 1800532, at *3 (E.D. Mo. Apr. 16, 2015).

    C.    <u>Arkansas Civil Rights Act</u>

Edwards's ACRA claims are dismissed because they are time-barred. *See* Defs.' Br. Supp. Mot. Partial Dismissal 6 (explaining why); Br. Supp. Resp. Defs.' Partial Mot. Dismiss 10–11 (stating that "Edwards concedes that most of her claims are time-barred under the . . . one-year statute of limitation under the Arkansas Civil Rights Act" and only opposing dismissal "as it relates to the race discrimination under 42 U.S.C. § 1981"). Moreover, her claims against Hamby and Langley are dismissed because a supervisor is not an "employer" under the ACRA when establishing a discrimination claim. *Gouldblum v. Arkansas Dep't of Hum. Servs.*, No. 4:16-CV-00936-KGB, 2018 WL 1569491, at *3 (E.D. Ark. Mar. 30, 2018) (citing Ark. Code Ann. § 16-123-102(5)).

    D.    <u>Wrongful Termination</u>

Edwards's wrongful termination claim is dismissed because it is a naked assertion devoid of factual support. *See Christopherson v. Bushner*, 33 F.4th 495, 499 (8th Cir. 2022). This is true for several reasons. First, Edwards does not allege a separate claim of wrongful termination, but merely alleges employment discrimination. *See* Compl. ¶¶ 36–44. She only

mentions wrongful termination in the jurisdiction section of the complaint. *Id.* ¶ 1. Second, Edwards specifically alleges that she quit her job. *See id.* ¶ 32. While Edwards's wrongful termination claim could be liberally construed as a constructive discharge claim, she did not plead the elements of constructive discharge. *See Coombs v. J.B. Hunt Transp., Inc.*, 388 S.W.3d 456, 464 (Ark. Ct. App. 2012); *see also Rester v. Stephens Media, LLC*, 739 F.3d 1127, 1132 (8th Cir. 2014). Finally, like Edwards's Title VII, section 1988, and ACRA claims, Edwards does not oppose dismissal of her wrongful termination claim. *See* Defs.' Br. Supp. Mot. Partial Dismissal 5 n.2 (moving for dismissal for a claim of constructive discharge against defendants "to the extent [Edwards] attempts to do so"); Br. Supp. Resp. Defs.' Partial Mot. Dismiss 11 (only opposing dismissal "as it relates to the race discrimination under 42 U.S.C. § 1981").

## IV. CONCLUSION

For the foregoing reasons, defendants' motion for partial dismissal is granted on Edwards's Title VII, section 1988, ACRA, and wrongful termination claims. Edwards's section 1981 claim will proceed.

IT IS SO ORDERED this 5th day of March, 2025.

*[signature]*
UNITED STATES DISTRICT JUDGE